Form 145

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Tammy Nelson**
**Frederick H. Nelson**
   Debtor(s)

Bankruptcy Case No.: 16–23652–JAD

Chapter: 13
Docket No.: 31

# NOTICE – REMINDER

      Pursuant to *Fed.R.Bankr.P. 5009(b)*, notice is hereby given that the above–captioned case will be closed without an *Order of Discharge* unless a **Certification of Completion of Instructional Course Concerning Personal Financial Management** (**Official Form B423**), *"the Certification"*, is filed within the applicable deadline set forth in *Fed.R.Bankr.P. 1007(c)*. The deadlines are as follows:

      ***CHAPTER 13 CASES*** – – *Fed.R.Bankr.P. 1007(c)* requires an individual debtor in a Chapter 13 case to file a statement regarding completion of a course in personal financial management no later than the date when the last payment was made by the Debtor as required by the *Plan* or the filing of a motion for discharge under *11 U.S.C. §1328(b)*.

      ***ADDITIONAL CHAPTER 13 CASE CERTIFICATION*** – – *11 U.S.C. §1328* requires that as a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the Plan, Counsel for the Debtor(s), or the Debtor(s) if not represented by Counsel, shall file with the Court a certification:

      (1)   that the Debtor(s) is entitled to a discharge under the terms of *11 U.S.C. §1328* of the Bankruptcy Code;

      (2)   specifically certifying that all amounts payable under a judicial or administrative order or, by statute, requiring the Debtor(s) to pay a domestic support obligation that are due on or before the date of the Certification (including amounts due before the petition was filed, but only to the extent provided for by the Plan) have been paid;

      (3)   that the Debtor(s) did not obtain a prior discharge in bankruptcy within the time frames specified in *11 U.S.C. §1328(f)(1) or (2)*;

      (4)   that the Debtor(s) has completed an instructional course concerning personal financial management within the meaning of *11 U.S.C. §1328(g)(1)*; and

      (5)   that *11 U.S.C. §1328(h)* does not render the Debtor(s) ineligible for a discharge.

Dated: December 22, 2016                                          Michael R. Rhodes, Clerk
                                                                                    United States Bankruptcy Court

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Tammy Nelson  
Frederick H. Nelson  
    Debtors

Case No. 16-23652-JAD  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0315-2     User: admin     Page 1 of 1     Date Rcvd: Dec 22, 2016  
                           Form ID: 145     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 24, 2016.  
db/jdb        Tammy Nelson,    Frederick H. Nelson,    621 Idlewood Ave,    Carnegie, PA   15106-1126

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.     TOTAL: 0

        \*\*\*\*\* BYPASSED RECIPIENTS \*\*\*\*\*  
NONE.     TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 24, 2016            Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 22, 2016 at the address(es) listed below:

         Aurelius P. Robleto    on behalf of Joint Debtor Frederick H. Nelson apr@robletolaw.com, rmk@robletolaw.com,lsr@robletolaw.com,dfe@robletolaw.com,apr@ecf.courtdrive.com  
         Aurelius P. Robleto    on behalf of Plaintiff Frederick H. Nelson apr@robletolaw.com, rmk@robletolaw.com,lsr@robletolaw.com,dfe@robletolaw.com,apr@ecf.courtdrive.com  
         Aurelius P. Robleto    on behalf of Plaintiff Tammy  Nelson apr@robletolaw.com, rmk@robletolaw.com,lsr@robletolaw.com,dfe@robletolaw.com,apr@ecf.courtdrive.com  
         Aurelius P. Robleto    on behalf of Debtor Tammy  Nelson apr@robletolaw.com, rmk@robletolaw.com, lsr@robletolaw.com,dfe@robletolaw.com,apr@ecf.courtdrive.com  
         Joshua I. Goldman    on behalf of Creditor   HomeBridge Financial Services, Inc. bkgroup@kmllawgroup.com  
         Office of the United States Trustee     ustpregion03.pi.ecf@usdoj.gov  
         Ronda J. Winnecour     cmecf@chapter13trusteewdpa.com  
         S. James Wallace    on behalf of Creditor   Peoples Natural Gas Company LLC sjw@sjwpgh.com, Equitablebankruptcy@peoples-gas.com;srk@sjwpgh.com

                                                                                                          TOTAL: 8